53 F.3d 334
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 James Earl WILLIAMS, Plaintiff-Appellant,
v.
George C. WELBORN, Defendant-Appellee.
 No. 94-1780.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 29, 1995.*
Decided April 26, 1995.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Appellant James Earl Williams appeals the district court's grant of summary judgment to appellee Warden George Welborn on appellant's claim under 42 U.S.C. Sec. 1983. We affirm.
 
 I. Facts
 
 2
 Appellant is currently an inmate at the Stateville Correctional Facility. Appellant's action, however, relates to treatment he received at the Menard Correctional Facility in 1991.
 
 
 3
 Appellant injured his right hand in February 1990 in an altercation with another inmate. As a consequence of the injury, appellant maintains he suffers pain in his right ring finger and little finger when forced to climb into an upper bunk. Appellant received a lower bunk permit from a Menard physician in October 1990 (and renewed thereafter), which indicates appellant should receive a lower bunk in his cell assignments. Appellant maintains he was improperly denied a lower bunk on several occasions in 1991, ranging from a 2-day period (March 3 to March 5), to a three and a half month period (July 10 to October 23). Appellant maintains that he suffered intense pain as a result of these upper bunk assignments. Appellant brought this suit claiming the denial of a lower bunk assignment violated his Eighth Amendment rights, as interfering with medical treatment for a serious injury.[1] Further, appellant claims appellee was aware of appellant's plight based on two grievances filed by appellant.
 
 
 4
 Appellee moved for summary judgment. Appellant responded with multiple motions to compel discovery and extend time for responding to appellee's motion (appellant states he intended these motions as motions under Federal Rule of Civil Procedure 56(f)). The district court granted the extensions, but denied the motions to compel, finding one was premature and the other mooted by appellee's statement of compliance with discovery orders. Appellant then moved to certify the issue for interlocutory appeal. The district court denied the motion and set a hearing date for the summary judgment motion. Appellant moved to vacate the hearing and stand on his pleadings. (Record at # 43). The district court granted appellant's motion to vacate the hearing and granted summary judgment to the appellee.
 
 
 5
 Appellant argues that the district court abused its discretion in granting summary judgment to appellee and in denying appellant's motions under Rule 56(f).
 
 II. Analysis
 
 6
 A grant of summary judgment is reviewed de novo. FDIC v. American Casualty Co., 998 F.2d 404, 406-07 (7th Cir.1993). The denial of a Rule 56(f) motion is reviewed for abuse of discretion. Sofo v. Pan-American Life Ins. Co., 13 F.3d 239, 242 (7th Cir.1994).
 
 A. Rule 56(f) Motions
 
 7
 This court concludes that the district court did not abuse its discretion in denying appellant's motions to compel discovery. The discovery material that appellant claims was "essential" was a copy of the Menard physician's memorandum ordering a lower bunk permit for appellant, which appellant claims was distributed in each cellhouse where appellant was transferred. (Appellant's Brief at 22-23.) This discovery item was not essential, given that appellee conceded the memorandum existed and indicated a lower bunk should be provided for appellant. (Record at # 18, Answer at p 1.) Further, while the fact the memorandum was posted in the cellhouses might be relevant to showing knowledge on the part of the cellhouse guards, it is not relevant for showing knowledge on the part of appellee, particularly in light of appellant's claim that the appellee's knowledge is based solely on appellant's grievances.
 
 B. Merits
 
 8
 Deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment, because it constitutes the unnecessary and wanton infliction of pain. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference to serious medical needs includes the intentional interference with treatment that is prescribed. Id. at 105. However, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious." Hudson v. McMillian, 112 S.Ct. 995, 1000 (1992). See also Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991).
 
 
 9
 A prison official must have the requisite state of mind, however, before his action, or inaction, amounts to a constitutional violation. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 114 S.Ct. 1970, 1979 (1994).[2] Appellant's claim founders on two grounds: first, the alleged deprivation is not sufficiently serious to state a claim under the Eighth Amendment; and second, the appellee did not have the requisite state of mind.
 
 
 10
 Appellant's entire claim is based on the alleged discomfort he felt while climbing into a top bunk. Appellant's own conduct argues against the discomfort being "severe." Appellant never complained to the medical staff regarding any discomfort he felt or any injury he suffered as a consequence of being denied a lower bunk. (Record at # 29, Appellant's deposition at pp. 33-35). In addition, during the course of his many cell transfers, appellant did not bring the lower bunk issue to any of the guards' attention. (Id. at 29). Given the temporary nature of the alleged deprivation, and the total absence of any significant harm, we must conclude the failure to honor appellant's lower bunk permit does not state a claim under the Eighth Amendment. See generally Harris v. Fleming, 839 F.2d 1232, 1235-36 (7th Cir.1988).
 
 
 11
 Further, appellant's claim that the appellee showed "deliberate indifference" to appellant's plight is based entirely on the grievance responses in which the appellee concurred. For pleading purposes, concurring in administrative decisions can indicate awareness of a prisoner's situation. See Stringer v. Rowe, 616 F.2d 993, 1001 (7th Cir.1980). However, a review of the grievances and grievance responses does not indicate appellee had the requisite knowledge and intent for an Eighth Amendment violation.
 
 
 12
 The grievance of December 13, 1990 is irrelevant to the dispute, because it deals only with an altercation between appellant and a guard. (See Record at # 29, Group Exhibit B). The grievance of December 9, 1990, while claiming an entitlement to a lower bunk permit, primarily focuses on the procedures appellant would like followed in the selection of his cellmates. (Id.) The grievance does not convey the necessity of a permit, nor the consequences of failing to issue one. The first grievance response, which addressed both the December 9th and December 13th grievances, focused primarily on the altercation issue and concluded appellant did not prove his claims. (Id.) Appellant's grievance of September 30, 1991 complained of the lower bunk problem and requested relief. (See Record at # 29, Deposition Exhibits). In the second grievance response, the grievance officer concluded that appellant had not proven his claim, noting that appellant waited two months to complain (indicating the claim was not serious) and that the lower bunk permit was due to expire the following week. Id. These grievances provide no basis for concluding the appellee was aware of any serious health risk to the appellant.
 
 
 13
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument. See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed. Further, appellee has filed a notice indicating he will not file a response brief. The appeal will be decided on appellant's submission and the lower court record
 
 
 [1]
 Appellant does not allege he received any other improper treatment in connection with the injury. Surgery was performed on the hand to repair the damage sustained in the altercation, and appellant was provided with physical therapy
 
 
 [2]
 This standard applies to denial of adequate medical care claims as well as condition of confinement claims. See Farmer 114 S.Ct. at 1978-79